IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MASON D. S., | : | |
| | : | Case No. 1:25-cv-40 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Adopting Report and Recommendation |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | | |

This matter is before the Court on the United States Magistrate Judge Chelsey M. Vascura's September 2, 2025 Report and Recommendation ("R&R") (Doc. 14) in this Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") case. In her R&R, the Magistrate Judge recommended that Plaintiff's Statement of Errors be overruled and the Commissioner's non-disability determination be affirmed. (Doc. 14 at PageID 586.) Plaintiff did not timely object to the R&R. For the reasons that follow, the Court will **ADOPT** the R&R. (Doc. 14.)

On February 28, 2022, Plaintiff filed an application for DIB, alleging that he became disabled beginning February 8, 2022. (SSI Decision, Doc. 8-2 at PageID 42.) Plaintiff's DIB application was initially denied. (*Id.*) Plaintiff then filed an SSI application on August 17, 2022, and alleged the same disability onset date of February 8, 2022. (*Id.*) Plaintiff's SSI application was escalated, and on March 20, 2023, both of Plaintiff's applications were denied upon reconsideration. (*Id.*) On January 31, 2024, an Administrative Law Judge ("ALJ") issued an unfavorable determination finding the claimant to be not disabled under Sections 216(i), 223(d) and 1614(a)(3)(A) of the Social Security Act. (*Id.* at PageID 56.)

The ALJ made the following findings of fact in the January 31, 2024 Decision, which the Magistrate Judge summarized in her R&R:

> At step one of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 8, 2022, his alleged disability onset date.  At step two, the ALJ found that Plaintiff had the following severe medically determinable impairments: autism spectrum disorder without accompanying intellectual impairment, attention-deficit/hyperactivity disorder (ADHD); anxiety disorder, major depressive disorder, mood disorder, and encephalopathy. The ALJ also found that Plaintiff had the non-severe medically determinable impairment of foot pain following an injury to his foot.  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1.

(Doc. 14 at PageID 588 (citing Doc. 8-2 at PageID 44–45).)  The ALJ determined at step four that the Plaintiff's residual functional capacity (RFC), or the most he can do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of:

> a full range of work at all exertional levels but with the following nonexertional limitations: requires work related to simple, routine tasks with no set hourly quotas that does not involve conveyor belts or assembly line duties. He can have no more than occasional interactive contact with coworkers and supervisors. He can have no direct interactive contact with the public. There should be no more than occasional changes in the routine work setting. He needs to avoid hazards such as moving machinery and unprotected heights, but does not need to avoid hazards typically found in the workplace such as boxes on the floor or ajar doors.

(*Id*. at PageID 589 (citing Doc. 8-2 at PageID 47).)  Also at step four, the ALJ relied upon testimony from the Vocational Expert ("VE") to determine that Plaintiff had no past relevant work.  (*Id*. (citing Doc. 8-2 at PageID 54).)  Finally, at step five, the ALJ determined that considering Plaintiff's age, education, work experience, and RFC,  there were jobs that existed in significant numbers in the national economy that he can perform.  (*Id*. (citing Doc. 8-2 at PageID 54).)  The ALJ concluded that Plaintiff's impairments did not meet the definition of disability and, as a result, determined Plaintiff was not entitled to benefits.  (*Id*. (citing Doc. 8-2 at PageID

55–56).) An Appeals Council denied Plaintiff's request for review on December 4, 2024. (Doc. 8-2 at PageID 26.)

On January 31, 2025, Plaintiff filed this federal action seeking review of the ALJ's Decision. (Doc. 7.) On May 15, 2025, Plaintiff filed a Statement of Errors asserting:

> [T]he ALJ erred in evaluating [Listing] 12.05, in ignoring evidence of IQ testing as well as deficits listed in the same records the ALJ used to find moderate limitations and in rejecting independent third-party evidence that Mason struggled and received accommodations in a work setting. Given that the 'B' criteria is the same for Listing 12.04, 12.06, 12.10 and 12.11, Mason argues that the ALJ likewise erred in considering the 'B' criteria for those listings as well.

(Doc. 9 at PageID 554.) Plaintiff further argues that the ALJ erred in evaluating his subjective symptoms and the opinion evidence. (*Id.* at PageID 554–57.) On September 2, 2025, the Magistrate Judge reviewed the administrative record and applicable law and determined that "the ALJ did not reversibly err when making Listing Determinations at step three, when performing a subjective symptom assessment, or when evaluating medical evidence and prior administrative findings." (Doc. 14 at PageID 611–12.) As a result, the Magistrate Judge recommended the Undersign affirm the Commissioner's non-disability determination and overrule Plaintiff's Specific Statement of Errors.

The Magistrate Judge correctly evaluated the ALJ's Decision for "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]"). The Magistrate Judge determined that the ALJ did not err by failing to consider Listing 12.05 because Plaintiff failed to point to record evidence demonstrating that he could meet or equal its requirements. (*Id.* at PageID 592.) The Magistrate Judge further determined that substantial evidence supported the ALJ's

3

conclusion that Plaintiff did not meet or equal Listings 12.04, 12.06, 12.10, 12.11. (*Id.* at PageID 599). The Magistrate Judge also found that the ALJ thoroughly reviewed the evidence and provided substantial support for his determination that Plaintiff's symptoms were not as disabling as alleged. (*Id.* at PageID 604.) Finally, the Magistrate Judge found that the ALJ considered both the supportability and consistency factors when evaluating the medical opinion of the consultative examiner, Dr. Rivera, and the prior administrative findings by state agency reviewer, Dr. Lawrence. (*Id.* at PageID 607–11.) As such, the Magistrate Judge recommended the ALJ's Decision be affirmed. (*Id.* at PageID 612).

Title 28 U.S.C. § 636(b)(1)(B) & (C) and Federal Rule of Civil Procedure Rule 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions that have been referred to them. Parties then have fourteen days to file and serve specific written objections to the report and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party files objections to a report and recommendation on a dispositive matter, a district judge must review it under the *de novo* standard. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).[1] "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantially similar). When no objections are filed, as in this case, "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review [the] magistrate's report." *Thomas v. Arn*, 474 U.S. 140, 152 (1985); *see also Weir v. Centurion*, No. 3-19-CV-00131, 2021 WL 5165930, at *1 (M.D. Tenn. Nov. 5, 2021) ("The district court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no objection is made.").

---

[1] "[T]he district court need not provide *de novo* review where the objections are frivolous, conclusive or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (cleaned up).

Nonetheless, some district courts follow the Advisory Committee Notes to Rule 72(b) and review the report and recommendation for clear error.

No objections have been filed to the Magistrate Judge's thorough R&R.  The Undersigned has reviewed the R&R, which thoughtfully applied applicable law and gave ample consideration to the arguments presented by Plaintiff.  The Undersigned agrees with the Magistrate Judge's recommendation that the Statement of Errors be overruled and the Commissioner's non-disability determination be affirmed.  (Doc. 14 at PageID 612.)  The Court, therefore, **ADOPTS** the R&R (Doc. 14) and dismisses this action from the docket of this Court.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge